**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Carlos RENDON–ABUNDEZ,**
**Defendant–Appellant.**

No. 94–50352.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 1995.

Decided July 13, 1995.

Carlton F. Gunn and Oswald Parada, Deputy Federal Public Defenders, Los Angeles, CA, for defendant-appellant.

Warrington S. Parker, III and Jefferey M. Rawitz, Asst. U.S. Attys., Los Angeles, CA, for plaintiff-appellee.

Before: WALLACE, Chief Judge, KOZINSKI and RYMER, Circuit Judges.

Juan Carlos Rendon–Abundez appeals from his conviction following the district court's denial of his request for discovery of government records to support his claim that

---

his prosecution for being a deported alien found in the United States, 8 U.S.C. § 1326(b)(1) and (b)(2), was the result of impermissible selective prosecution on the basis of race. We remand.

Since the district court's decision in this case, we decided *United States v. Armstrong,* 48 F.3d 1508 (9th Cir.1995) (en banc). We decline the invitation to determine whether the district court must, may, or may not grant discovery on the facts of this case following *Armstrong,* as we conclude that the issue is properly resolved as an initial matter by the district court. We therefore remand.

On remand, if the district court determines that discovery is not justified or, following appropriate proceedings, that the defendant has not made out a showing of selective prosecution so as to justify dismissal of the indictment, then the court shall enter a new final judgment of conviction. *See Goldberg v. United States,* 425 U.S. 94, 111–112, 96 S.Ct. 1338, 47 L.Ed.2d 603 (1976); *United States v. Ogbuehi,* 18 F.3d 807, 811–12 (9th Cir.1994). If the district court concludes that Rendon–Abundez was a victim of selective prosecution, it shall vacate the judgment of conviction. *Id.*

REMANDED.